NO. 07-08-0159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 30, 2008

______________________________

DONNA MARIE GARRETT a/k/a DONNA GARRETT 

a/k/a DONNA O’NEILL 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY;

NO. 9803; HON. RALPH H. WALTON, JR., PRESIDING

_______________________________

Memorandum Opinion

________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Donna Marie Garrett appeals her felony conviction for driving while intoxicated and the resulting sentence of twenty years imprisonment.  The conviction was based upon her plea of guilty; however, punishment was tried to a jury.  Appellant argues before us that the  the trial court erred in admitting certain evidence and that she received ineffective assistance of counsel.  We disagree and affirm the judgment. 

Issue 1 - Admission of Evidence

Appellant was involved in a single vehicle accident after which she was taken to the hospital and later arrested for driving while intoxicated.  Through her first issue, she complains of the trial court’s admission into evidence of 1) hearsay testimony as to the observations of the lone accident witness, 2) an aerial photograph of the accident site, and 3) testimony regarding appellant’s demeanor and conduct at the hospital.  We overrule the issue.

We consider the matter of the aerial photograph first and note that appellant did not object to its admission for demonstrative purposes.  Moreover, the State used it to demonstrate where the accident occurred.  Furthermore, appellant does not argue that it was used for other than that demonstrative purpose.  So, we are unable to see how there was error when the exhibit was used for the purpose appellant approved.  And, to the extent that she now suggests that it was cumulative and prejudicial, those grounds were not asserted at trial as a basis for excluding it.  Thus, they were waived.  
See Guevara v. State, 
97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (the objection on appeal must comport with that made to the trial court). 

As for the testimony regarding her demeanor and actions at the hospital, appellant objected when the officer proffered it.  However, the record fails to disclose that she again objected when the same evidence was proffered through one of the hospital nurses. Neither did we find a request for a running objection when the testimony was first offered; nor did any party cite us to any portion of the record where such a request could be found.  So, this alleged error was waived.  
Valle v. State, 
109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (stating that when the same evidence is admitted without objection elsewhere, any error is waived).

Finally, assuming 
arguendo
 that the trial court erred in admitting the purported hearsay evidence, we find the error harmless.  Simply put, we cannot say that it affected the jury’s decision when the entire record is viewed.  While it may be that appellant was sentenced to twenty years in prison, this was not her first conviction.  The jury heard about her two prior convictions for the same offense, 
i.e.
 driving while intoxicated.  So too was it told of her felony conviction for theft.  Evidence that she had previously “jumped bail” was also admitted as was evidence of other instances in which she either drove or appeared in public places while intoxicated.  Given this, we can only say that any impact the hearsay evidence had on the final outcome was 
de minimis.
(footnote: 1)
 Issue 2 - Ineffective Assistance of Counsel

In her second issue, appellant claims she received ineffective assistance of counsel because her trial attorney failed to make an opening statement.  We overrule the issue.

While a defendant may have a right to make an opening statement as appellant argues, foregoing that right does not necessarily equate to ineffective assistance; this is so because the decision may be a tactical one.  
Calderon v. State, 
950 S.W.2d 121, 127-28 (Tex. App.–El Paso 1997, no pet.); 
Taylor v. State, 
947 S.W.2d 698, 704 (Tex. App.– Fort Worth 1997, pet. ref’d).  And, while appellant argues that her counsel simply forgot to make such an argument, that is not “firmly established” in the record.  
See Bone v. State
, 
 
77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (holding that the ineffective assistance must be “firmly established” by the record).  Indeed, the record does not disclose why counsel did not make the argument; he could well have determined it to be unnecessary.  
See Calderon v. State, 
950 S.W.2d at 127-28.  So, without evidence illustrating that the decision was not the result of trial strategy, we cannot say that counsel’s performance was deficient.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.

 advised of his rights to remain silent or to call and cross examine witnesses, or provided the admonitions set out in article 26.13 of the Code of Criminal Procedure.  The record does not support those assertions.  Appellant was properly admonished on each of those matters prior to his May 1999 guilty plea and conviction.  As an administrative hearing, 
Cobb
, 851 S.W.2d at 873, a motion to revoke proceeding does not independently trigger, and require new admonishments of, constitutional rights.  Section 21(b) of article 42.12 governing revocation hearings imposes no such requirement.  Tex. Code. Crim. Proc. Ann. art. 42.12 § 21(b) (Vernon Supp. 2004).  Article 26.13 does not require repetition of its admonishments in a revocation proceeding.  
Harris v. State
, 505 S.W.2d 576, 578 (Tex.Crim.App. 1974).  We find no meritorious issue is presented.

The third issue discusses potential challenges to the legal and factual sufficiency of the evidence supporting the revocation of his community supervision.  Appellate review of a revocation order is limited to determining whether the trial court abused its discretion.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); 
Jackson v. State
, 645 S.W.2d 303, 305 (Tex.Crim.App.1983).  The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof.  
Cardona
, 665 S.W.2d at 493-94.  In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke.  
Cobb
, 851 S.W.2d at 874.  As counsel’s brief notes, when the State alleges more than one violation, proof of any one of them will support revocation.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980).  A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation.  
Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App.1979).  Appellant plead true to three violations in open court and the trial court found those allegations true.  No meritorious issue is presented for review.

The fourth potential issue questions whether the State failed to exercise due diligence in executing the capias for his arrest.  And the fifth discusses whether trial counsel’s failure to raise that issue deprived appellant of the effective assistance of counsel.   The State’s motion to revoke and capias for appellant’s arrest were filed in March 2004.  Appellant’s period of probation expired in May 2004 but he was not arrested until November.  Article 42.12, Section 21(e) provides a trial court retains jurisdiction to hold a revocation hearing after the expiration of the probationary period if the motion and capias are issued before expiration of that period.  Tex. Code Crim. Proc. Ann. art. 42.12  § 21(e) (Vernon Supp. 2004).  The Court of Criminal Appeals has held a defendant may challenge the lack of due diligence in executing the capias as a “plea in bar” to the motion to revoke. 
See
 
Ex parte Donaldson
, 86 S.W.3d 231, 232 (Tex.Crim.App. 2002).  The failure to raise the issue before the trial court waives the complaint.  
Hardman v. State
, 614 S.W.2d 123, 127 (Tex.Crim.App. 1981).  Here appellant did not raise the issue before the trial court, precluding its presentation on appeal and leading to the fifth potential issue addressed by appellate counsel; the ineffectiveness of trial counsel as shown by his failure to raise the issue of due diligence.

The standards by which the effectiveness of counsel is reviewed are set out in the seminal case of 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in 
Hernandez v. State
, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  In order to show trial counsel was ineffective, a claimant must establish two elements: 1) that his counsel's performance was deficient, and 2) the deficient performance prejudiced the defense. 
Strickland
, 466 U.S. at 687.  The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution.  
Id.
  The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, 
i.e.
, a trial whose result is reliable.  
Id.
  A claimant must show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different.  
Id.
 at 694.

This record does not support a showing counsel’s performance was deficient.  It shows appellant was in custody in Colorado between issuance of the capias and his extradition to Hale County. This evidence supports a finding the State exercised due diligence in arresting appellant.  The failure of appellant’s trial counsel to raise the issue in the trial court was not deficient performance.   

The sixth and final potential issue discussed by counsel is whether the punishment assessed was cruel and unusual in violation of appellant’s constitutional rights.  This complaint was not presented to the trial court, resulting in waiver of the complaint.  
See
 Tex. R. App. P. 33.1(a); 
Solis v. State
, 945 S.W.2d 300, 301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd).  Counsel’s brief raises the same argument as that made in 
Solis
, that the sentence is disproportionate to the offense. 

It has long been the general rule that assessment of a punishment within the limits set by the legislature will not be disturbed on appeal.  
See Nunez v. State
, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978).  In 
Thomas v. State
, 916 S.W.2d 578 (Tex.App.–San Antonio 1996, no pet.), the San Antonio Court of Appeals found it could review a sentence to determine whether it is grossly disproportionate to the crime.  
Id.
 at 583.  Only after determining the sentence is grossly disproportionate to the offense should a court consider other factors which bear on the claim, including sentences for similar crimes.  
Id. See also Vrba v. State
, 69 S.W.3d 713, 724 (Tex.App.–Waco 2002, no pet.).  Where the defendant's sentence is enhanced by a prior conviction, a reviewing court considers the defendant's criminal history.  The record shows this prosecution resulted in appellant’s third conviction for driving while intoxicated.  We cannot say the record would support a meritorious argument that appellant’s sentence was grossly disproportionate to the offense. 

 Our review convinces us that appellate counsel conducted a complete review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.
(footnote: 1)  
See Stafford,
 813 S.W.2d at 511.  We agree it presents no meritorious grounds for review.

Counsel’s motion to withdraw is granted and the judgment of the trial court is affirmed.  

James T. Campbell

        Justice

Do not publish.  

FOOTNOTES
1:
The hearsay consisted of a statement that appellant’s vehicle had run off the road into a pipe fence, that the witness observed the odor of alcohol on her, and that she was trying to leave the scene by getting someone to come pick her up.  

1: